<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ————————————— : | |
| DAVID CHARLES DELLA MONICA, : | **Hon. Jerome B. Simandle** |
| : | |
| Petitioner, : | Civil Action No. 05-5272 (JBS) |
| : | |
| v. : | |
| : | |
| JOHN NASH, : | <u>**OPINION**</u> |
| : | |
| Respondent. : | |
| ————————————— : | |

**APPEARANCES:**

> DAVID CHARLES DELLA MONICA, #30078-004
> F.C.I. Fort Dix
> P.O. Box 7000
> Fort Dix, New Jersey  08640
> Petitioner <u>Pro Se</u>

**SIMANDLE,** District Judge

David Charles Della Monica filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence.  Having thoroughly reviewed the Petition, this Court dismisses the Petition for lack of jurisdiction.

<u>**I.  BACKGROUND**</u>

Petitioner challenges an aggregate 180-month sentence entered in the United States District Court for the Southern District of Florida on August 29, 1994, and February 21, 1997, after he pled guilty to conspiracy and possession with intent to distribute a controlled substance, use of a firearm in relation to a felony, and assault on a federal agent with a dangerous

weapon.  See United States v. DellaMonica, Crim. No. 93-6189
(S.D. Fla. filed Oct. 26, 1993).  The Eleventh Circuit Court of
Appeals affirmed the conviction and sentence in 1999.  See United
States v. Dellamonica, 181 F.3d 107 (11th Cir. 1999) (table).

In April 2005, Petitioner filed a § 2255 motion to vacate
which the sentencing court dismissed as time barred.  See
Dellamonica v. United States, Civil No. 05-6074 (S.D. Fla. filed
April 22, 2005).  Petitioner filed a second § 2255 motion on June
28, 2005, which the court dismissed for failure to obtain
authorization from the Eleventh Circuit.  See Dellamonica v.
United States, Civil No. 05-61055 (S.D. Fla. filed June 28,
2005).

Petitioner, who is now incarcerated at F.C.I. Fort Dix in
New Jersey, filed this Petition under 28 U.S.C. § 2241
challenging his sentence on four grounds:  (1) violation of Plea
Agreement; (2) failure of the indictment to list penalty
provisions rendered it defective; (3) ungrouping and double
counting Counts one and four; (4) violation of the Fifth and
Sixth Amendments by departing upward from the guidelines; and (5)
ineffective assistance of counsel.  (Pet. ¶ 10.)

## II.  DISCUSSION

### A.  Standard of Review

Rule 4 of the Rules Governing Section 2254 Petitions in
United States District Courts ("Habeas Rules"), applicable to §

2241 petitions through Habeas Rule 1(b), requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if the petitioner is not entitled to relief. Habeas Rule 4 provides in relevant part:

> The petition shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

See Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Habeas Rule 1(b).[1]

   "Habeas corpus petitions must meet heightened pleading requirements, see 28 U.S.C. § 2254 Rule 2(c)."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See Habeas Rule 2(c).  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face, see 28 U.S.C. § 2254 Rule 4."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

---

[1] The Advisory Committee Notes to Rule 4 emphasize that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

3

B.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.

4

<u>Davis v. United States</u>, 417 U.S. 333 (1974); <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; <u>see Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536 (3d Cir. 2002); <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997); <u>Millan-Diaz v. Parker</u>, 444 F.2d 95 (3d Cir. 1971); <u>Application of Galante</u>, 437 F.2d 1164 (3d Cir. 1971) (per curiam); <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  <u>Swain v. Pressley</u>, 430 U.S. 372, 381 (1977).

some limitation of scope or procedure would prevent a § 2255
proceeding from affording him a full hearing and adjudication of
his wrongful detention claim." Cradle, 290 F.3d at 538. "It is
the inefficacy of the remedy, not the personal inability to use
it, that is determinative." Id. "Section 2255 is not
'inadequate or ineffective' merely because the sentencing court
does not grant relief, the one-year statute of limitations has
expired, or the petitioner is unable to meet the stringent
gatekeeping requirements of the amended § 2255. The provision
exists to ensure that petitioners have a fair opportunity to seek
collateral relief, not to enable them to evade procedural
requirements." Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the Third Circuit
applied the "inadequate or ineffective" test to a § 2241 claim
challenging a sentence on the basis of a change of substantive
law that occurred after Dorsainvil's first § 2255 motion was
decided.[3] The Third Circuit first determined that Dorsainvil
could not raise the Bailey claim in a successive § 2255 motion
because the AEDPA restricted successive § 2255 motions to

_____

[3] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme
Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm,"
does not reach certain conduct. The Supreme Court later ruled that the court's interpretation of
the statute in Bailey applied retroactively under § 2255 to convictions that were final. See "
Bousley v. United States, 523 U.S. 614 (1998). "[D]ecisions of [the Supreme Court] holding that
a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a
significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"
Id. at 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

constitutional claims.  However, the court held that, in this
narrow situation where Dorsainvil had no other opportunity to
raise the claim, § 2255 was inadequate and ineffective.  The
Court reasoned:

> Dorsainvil does not have and, because of the
> circumstances that he was convicted for a
> violation of § 924(c)(1) before the Bailey
> decision, never had an opportunity to
> challenge his conviction as inconsistent with
> the Supreme Court's interpretation of §
> 924(c)(1).  If, as the Supreme Court stated
> in [Davis v. United States, 417 U.S. 333
> (1974)], it is a "complete miscarriage of
> justice" to punish a defendant for an act
> that the law does not make criminal, thereby
> warranting resort to the collateral remedy
> afforded by § 2255, it must follow that it is
> the same "complete miscarriage of justice"
> when the AEDPA amendment to § 2255 makes that
> collateral remedy unavailable.  In that
> unusual circumstance, the remedy afforded by
> § 2255 is "inadequate or ineffective" to test
> the legality of [Dorsainvil's] detention.

Dorsainvil, 119 F.3d at 251 (quoting Davis v. United States, 417
U.S. 333, 346-47 (1974)).

The Third Circuit emphasized the narrowness of its holding:

> We do not suggest that § 2255 would be
> "inadequate or ineffective" so as to enable a
> second petitioner to invoke § 2241 merely
> because that petitioner is unable to meet the
> stringent gatekeeping requirements of the
> amended § 2255.  Such a holding would
> effectively eviscerate Congress's intent in
> amending § 2255.  **However, allowing someone
> in Dorsainvil's unusual position – that of a
> prisoner who had no earlier opportunity to
> challenge his conviction for a crime that an
> intervening change in substantive law may
> negate, even when the government concedes**

> **that such a change should be applied**
> **retroactively - is hardly likely to undermine**
> **the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).[4]

In this case, Petitioner challenges his 180-month sentence on five grounds:  (1) violation of Plea Agreement; (2) failure of the indictment to list penalty provisions rendered it defective; (3) ungrouping and double counting Counts One and Four; (4) violation of the Fifth and Sixth Amendments by departing upward from the guidelines; and (5) ineffective assistance of counsel. (Pet. ¶ 10.)  It is clear that these claims are within the scope of claims that are cognizable under § 2255.  Section 2255 is not an "inadequate or ineffective" remedy, however, because the

---

[4] Several courts of appeals have adopted similar tests.  See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) ("We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997).

sentencing court "could have entertained the prisoner's claim[s], inquired fully into the facts and granted the very relief the prisoner is seeking." <u>Lequillou</u>, 212 F.2d at 684. Therefore, this Court lacks jurisdiction under § 2241 to entertain Petitioner's claims and will dismiss the Petition.

### III.  CONCLUSION

Because § 2255 is not inadequate or ineffective for Petitioner's claims, this Court will dismiss the Petition.


**  s/ Jerome B. Simandle  **
JEROME B. SIMANDLE, U.S.D.J.


Dated:  **February 15,      , 2006**